34 So.3d 939 (2010)
STATE of Louisiana in the Interest of J.G. and C.T.
No. 2009-CA-1206.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 2010.
Leon A. Cannizzaro, Jr., District Attorney, Alyson Graugnard, Assistant District Attorney, New Orleans, LA, for Appellant.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES, and Judge EDWIN A. LOMBARD).
*940 EDWIN A. LOMBARD, Judge.
The State of Louisiana seeks reversal of the juvenile court judgment dismissing the petition against J.G. and C.T. After review of the record in light of the applicable law and arguments of the parties, we reverse the juvenile court judgment and remand the matter for further proceedings.

Relevant Facts and Procedural History
On April 30, 2009, the State charged J.G and C.T. with violating one count of simple burglary, relative to La.Rev.Stat. 14:62. Both juveniles were released into the custody of their parents.
J.G. appeared before the juvenile court on May 21, 2009, and answered the petition, denying the charged offense. C.T. appeared before the juvenile court on June 30, 2009, and answered the petition, denying the charged offense. The juvenile court set the adjudication hearing for July 23, 2009. On the day of the hearing, however, the State requested a continuance as the alleged victim was out of the country. The court denied the State's motion for a continuance, and stated, "[m]y denial is awhat I think is a [La. Ch.Code. art.] 877 denial."

Discussion
On appeal, the State argues that the juvenile court judge erred in dismissing the petition against the juvenile defendants when the time limitation for commencement of the adjudication hearing had not yet expired.
The time limitation for commencement of an adjudication hearing depends on whether or not the juvenile has been continued in custody. La. Ch.Code. art. 877 provides:
A. If the child is continued in custody pursuant to Chapter 5 of this Title, the adjudication hearing shall commence within thirty days of the appearance to answer the petition.
B. If the child is not continued in custody, the adjudication hearing shall commence within ninety days of the appearance to answer the petition.
C. If the hearing has not been commenced timely, upon motion of the child, the court shall release a child continued in custody and shall dismiss the petition.
D. For good cause, the court may extend such period.
In this instance, both J.G. and C.T. were released to the custody of their parents and were not in continued custody under La. Ch.Code. art. 877. Therefore, La. Ch. Code. art. 877 grants ninety days from J.G. and C.T.'s appearance to answer the petition to commence the adjudication hearing.
J.G. appeared and answered the petition on May 21, 2009. C.T. appeared and answered the petition on June 30, 2009. Thus, in accordance with La. Ch.Code art. 877, on the July 23, 2009, the State possessed an additional twenty-seven days to commence the adjudication hearing against J.G. and sixty-seven days to commence the adjudication hearing against C.T.
The juvenile court judge stated that he would feel more comfortable granting the State's continuance if he knew when the alleged victim would be returning. However, La. Ch.Code. art. 877 requires only that the adjudication hearing commence within ninety days of the juvenile's appearance to answer the petition. As the time for commencement of the adjudication hearing had not expired, the trial court erred in dismissing the petition under La. Ch.Code. art. 877.

Conclusion
The judgment of the juvenile court dismissing the petition against J.G. and C.T. *941 is reversed and the matter is remanded for further proceedings.
REVERSED; REMANDED.